UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN WOERTH MILLER, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASTELLAS US LLC, *et al.*,<br><br>*Defendants*. | Case No. 1:20-cv-03882<br><br>Hon. Ronald A. Guzman<br>Hon. Heather K. McShain |

**DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S MOTION TO STRIKE PLAINTIFFS' NEWLY REQUESTED RELIEF AND FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

1. Plaintiffs' Reply in Support of their Motion to Compel, ECF No. 80 (the "Reply") seeks entirely new relief by moving to compel AHIC to add two new custodians—David Testore and Clint Cary—not sought in plaintiffs' Motion to Compel, ECF No. 69 ("Mot."). *Compare* Reply 2–6, *with* Mot. 12; *see also* Proposed Order ¶ 2.[1] This is plainly improper.[2]

2. As numerous courts have recognized, a moving party cannot be permitted to "'sandbag[]' an adversary by raising new arguments in a reply brief."[3] A moving party is

---

[1] Plaintiffs' failure to raise and discuss their request to add these two individuals as custodians with AHIC prior to filing the Reply also violated their obligation to meet and confer pursuant to Local Rule 37.2. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000) (holding that a party's failure to meet and confer on its own is a sufficient basis to deny a motion); *Harnish v. Liberty Farm Equine Reprod. Ctr., LLC*, 2012 WL 13041529, at *2 (N.D. Ind. Aug. 16, 2012) (denying motion to compel due to failure to meet and confer).

[2] *See, e.g.*, *Arceo v. Salinas*, 2017 WL 4959590, at *3 (E.D. Cal. Nov. 1, 2017) (denying plaintiff's request for new relief in reply because defendants did not have proper notice and was deprived of an opportunity to respond); *Balshe LLC v. Ross*, 2011 WL 2669225, at *1 (N.D. Ill. July 7, 2011) (The Court "decline[s] to offer Defendant any relief outside of, or in addition to" the relief raised in the initial motion.); *Horne v. Potter*, 2009 WL 10667086, at *1 n.2 (S.D. Fla. Mar. 11, 2009) (declining to address plaintiff's new request for relief on reply because defendant did not have an opportunity to respond to the requested relief); *Studio & Partners, s.r.l. v. KI*, 2008 WL 426496, at *3 (E.D. Wis. Feb. 14, 2008) (holding that "the reply brief was not the proper vehicle for seeking new relief").

[3] *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009)).

1

forbidden from raising new arguments or requesting new relief in reply because "[w]hen an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue, therefore, is developed insufficiently for consideration."[4] As a result, the Seventh Circuit has consistently held that "arguments raised for the first time in a reply brief are waived."[5] Likewise, a party cannot request entirely new relief in a reply brief; as such, the Court should strike (or decline to consider) plaintiffs' untimely request for two new custodians. *See* nn. 2, 5, *supra*.

3. Plaintiffs' Reply also raises entirely new arguments (not responsive to, and beyond the scope of, AHIC's Opposition) and attaches 19 new documents. Reply 7–9. This too is improper and unduly prejudicial, as AHIC was never provided an opportunity to address these arguments or documents in its Opposition to the Motion to Compel, ECF No. 73.[6] Indeed, courts

---

[4] *Aircraft Gear Corp. v. Marsh*, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004); *see also Shlay v. Montgomery*, 802 F.2d 918, 922 n.2 (7th Cir. 1986); *Seglin v. Esau*, 769 F.2d 1274, 1277 n.1 (7th Cir. 1985).

[5] *See e.g.*, *Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011) ("[I]t is well-established that arguments raised for the first time in the reply brief are waived.") (citing *United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007)); *see also Smith v. Altman*, 2015 WL 5675376, at *2 (N.D. Ill. Sept. 21, 2015) (granting motion to strike because "[n]ew arguments, facts, and exhibits offered in a party's reply do not allow the other side a fair opportunity to respond and therefore the Court must disregard them."); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008) (declining to consider the reply brief because "reply briefs are for replying, not for raising new arguments"); *see also Trs. of E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Airport Plumbing & Heating, Inc.*, 2006 WL 37038, at *2 (C.D. Ill. Jan. 5, 2006) (striking new exhibits submitted on reply).

[6] Plaintiffs' attempt to justify their improper request for new relief in their Reply by citing "recently produced documents and subsequent investigation by Plaintiffs . . . ." Reply 2. But several of the documents that plaintiffs rely upon, including the DPOC Charters and the organizational chart featured on page 5 of the Reply, were, in fact, produced ***before*** plaintiffs filed their Motion to Compel. Declaration of William D. Pollak, dated March 19, ECF No. 73–2, ¶ 5. Nor should AHIC be prejudiced by plaintiffs' premature and hasty rush to seek judicial intervention. AHIC informed plaintiffs on February 19, and again on March 3 (Declaration of Troy Doles, dated March 9, 2021, ECF No. 69–1, Ex. 12 at 4; *id*. Ex. 14 at 1) that it would be making rolling productions of documents in early March. Instead of waiting for those productions or continuing to try to work with AHIC, plaintiffs filed their Motion to Compel.

routinely grant leave to file a sur-reply when a party introduces a single, new exhibit with its reply brief; here, plaintiffs rely upon 19 new exhibits in their Reply.[7]

4. For these reasons, AHIC respectfully requests that the Court strike plaintiffs' request for two entirely new custodians (Clint Cary and David Testore) and permit AHIC to file the short sur-reply attached as Exhibit A to address the new arguments and documents that plaintiffs first raised on Reply.[8]

Dated: April 1, 2021

Respectfully Submitted,

/s/ Brian D. Boyle
O'MELVENY & MYERS LLP

John R. Landis
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832–4539

Brian D. Boyle
Shannon M. Barrett
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (202) 383–5300
bboyle@omm.com
sbarrett@omm.com

Stuart M. Sarnoff (*pro hac vice*)
William Pollak (*pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326–2000
ssarnoff@omm.com
wpollak@omm.com

*Attorneys for Aon Hewitt Investment Consulting Inc. (NKA Aon Investments USA, Inc.)*

---

[7] *See Saunders v. Select Portfolio Servicing, Inc.*, 2019 WL 979609, at *1 (N.D. Ind. Feb. 27, 2019) ("Because the defendants included a new exhibit with their reply brief, the court will consider Ms. Saunders's sur-reply[.]"); *Almy v. Kickert Sch. Bus Line, Inc.,* 2013 WL 80367, at *15 (N.D. Ill. Jan. 7, 2013) (granting leave to file sur-reply where reply brief "did not raise new arguments but was accompanied by exhibits not previously submitted or discussed"), *aff'd*, 722 F.3d 1069 (7th Cir. 2013); *see also Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011) (holding that there is a "valid reason[]" to file a sur-reply where "the movant raises new arguments in a reply brief"); *Craig v. Dralle*, 2018 WL 4699752, at *8 n.4 (N.D. Ill. Sept. 30, 2018) (granting leave to file a sur-reply where a party raised an argument for the first time in their reply brief); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005) (same).

[8] While AHIC disputes many of the unfounded and inaccurate assertions in the Reply, it has limited this sur-reply to the arguments and documents that plaintiffs improperly raised for the first time on Reply.

## **LOCAL RULE 37.2 CERTIFICATION**

On March 31, 2021 at approximately 3:45 PM EST, Mr. William D. Pollak, Esq. on behalf of Aon Hewitt Investment Consulting Inc., and Mr. Troy Doles, Esq., counsel for plaintiffs, conferred by email to discuss the AHIC's Motion for Leave to File a Sur-Reply. On March 31, 2021 at approximately 5:30 PM EST, Mr. Pollak and Mr. Doles conferred by phone to discuss the same. On April 1, 2021, at 10:27 and 11:44AM, Mr. Pollak and Mr. Doles again conferred by email. During these email and phone exchanges, counsel for plaintiffs and AHIC worked together in an attempt to reach an agreement regarding this motion but were unable to do so. Accordingly, plaintiffs stated that they oppose the relief requested in this motion.

On March 31, 2021 at approximately 8:40 PM EST, Mr. Pollak and Matthew Russell, Esq., Counsel for Astellas US LLC, the Board of Directors of Astellas US LLC, and the Astellas Retirement Plan Administrative Committee conferred by email regarding the same. Counsel for Astellas US LLC, the Board of Directors of Astellas US LLC, and the Astellas Retirement Plan Administrative Committee stated that they do not oppose such request for relief.

*/s/ William D. Pollak*
William D. Pollak

*Attorney for Aon Hewitt Investment Consulting Inc. (NKA Aon Investments USA, Inc.)*

**CERTIFICATE OF SERVICE**

I, Brian D. Boyle, hereby certify that on April 1, 2021, I electronically filed the foregoing *DEFENDANT AON HEWITT INVESTMENT CONSULTING INC.'S MOTION TO STRIKE PLAINTIFFS' NEWLY REQUESTED RELIEF AND FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL* using the CM/ECF system, which will send notification of such filing to all registered participants.

>*/s/ Brian D. Boyle*
>Brian D. Boyle
>
>*Attorneys for Aon Hewitt Investment Consulting Inc. (NKA Aon Investments USA, Inc.)*