# Exhibit A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUSAN WOERTH MILLER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ASTELLAS US LLC, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-03882 <br><br> Hon. Ronald A. Guzman <br> Hon. Heather K. McShain |

**DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs' Reply underscores just how impetuous and premature Plaintiffs' Motion to Compel the addition of eight new custodians was at the time it was filed, and how ill-considered it remains today. In that Reply,[1] plaintiffs expressly abandon their bid as to two of the individuals whom plaintiffs originally sought to add (Reply 11),[2] and devote a total of only four sentences of their Reply to four others. Reply 9–10. Plaintiffs instead focus the bulk of their Reply on advocating for the inclusion of two individuals not sought in their Motion—or for that matter ever raised *at any point* in the meet and confer process. And, while plaintiffs also go to some pains to argue for the inclusion of Craig Pearlman—one of the individuals actually implicated by plaintiffs' Motion—they rely upon arguments wholly different than those raised in

---

[1] Unless otherwise noted herein, all emphasis is supplied. This sur-reply uses the same defined terms as AHIC's Opposition to Plaintiffs' Motion to Compel, ECF No. 73 ("Opp."), 1 n.1 and refers to (i) plaintiffs' Reply in Support of their Motion to Compel, ECF No. 80 as the "Reply"; (ii) the Declaration of Troy A. Doles, dated March 26, 2021, filed in support of the Reply, ECF No. 80–1, as the "Doles Reply Decl."; (iii) the Declaration of Troy Doles, dated March 9, 2021, filed in support of the Motion to Compel, ECF No. 69–1, as the "Doles Decl. ISO Mot."; (iv) the Declaration of William D. Pollak, dated March 19, in Support of AHIC's Opposition to the Motion to Compel, ECF No. 73–2, as "Pollak Decl. ISO Opp."; and (v) the March 31, 2021 Declaration of William Pollak in Support of the Motion for Leave to File a Sur-reply as "Mar. 31, 2021 Pollak Sur-Reply Decl."

[2] AHIC has separately agreed to add a third individual, Richard Swanson, as a custodian, after originally signaling their willingness to add him before plaintiffs filed their Motion to Compel. Doles Decl. ISO Mot., ECF No. 69–1, Ex. 14 at 4; Pollak Decl. ISO Opp., ECF No. 73–2, Exs. 5–6.

1

their initial brief or discussed with AHIC in the meet and confer process. Plaintiffs' newly minted arguments are as inadequate as those in their initial brief, and their abrupt shift in positions and requested relief demonstrates their undue haste in seeking judicial intervention.[3]

### I. Plaintiffs' Two New Custodians are Inappropriate Because They Are Highly Unlikely to Possess Non-Cumulative Relevant Documents.

Plaintiffs seek to add two members of the uppermost echelon of AHIC's senior management—Clint Cary, the former Chief Investment Officer, and David Testore, the Chief Operating Officer—as custodians. To try to justify this extraordinary request, plaintiffs distort the record by claiming that these individuals are "the AHIC leads for the Astellas relationship" and "interact[ed] directly with Astellas." Reply 1–2. But plaintiffs do not (and cannot) point to a single interaction, communication, or meeting between Astellas and either Testore or Cary.

Instead, the most plaintiffs can muster are a handful of emails (out of 8,000) that only confirm that Cary and Testore had little to no involvement with the Plan. Not only are there *multiple* existing AHIC custodians on these emails, but plaintiffs point to nothing suggesting that either Cary or Testore had any involvement with the Astellas Plan beyond these limited interactions and these emails do not suggest the existence of other responsive documents solely in the files of Testore or Cary that will not already be produced from AHIC's existing custodians. *See* Doles Reply Decl. Ex. 3; *id*. Ex. 7; *id*. Ex. 8 (copying both Swanson and Doyle). For example, plaintiffs cite an email (*id*. Ex. 5) from October 2020—over four years after the decisions challenged in this litigation—in which Doyle inquired as to whether he would need to

---

[3] While AHIC continues to dispute many of the inaccurate statements in plaintiffs' Reply, AHIC has limited this sur-reply to the new arguments and documents that plaintiffs improperly raised for the first time in their Reply. AHIC's limited sur-reply does not, for example, diminish AHIC's disagreement with plaintiffs' claim that certain materials such as the DPOC Charter and the organizational chart featured on page 5 of the Reply were produced after plaintiffs filed their Motion to Compel. Among other things, AHIC disputes plaintiffs' misleading recounting of the parties' meet and confer discussions and inaccurate characterizations of the burden of adding seven additional custodians.

obtain a letter of direction signed by Testore. But Testore wasn't copied on this email and didn't even sign the letter of direction referenced in the email. (*See* Mar. 31, 2021 Pollak Sur-Reply Decl., Ex. 9, AON-AST-00053613.). Nor does the fact that Testore was one of a dozen individuals that received an update from Doyle when AHIC was selected as the delegated investment manager suggest that he had any substantive involvement with the Plan. Doles Reply Decl. Ex. 7; *see also id*. Ex. 6. Plaintiffs' reliance on Ex. 8 to justify making Cary a custodian is equally misplaced; this email only evidences Cary's lack of knowledge or involvement with the Astellas Plan because Richard Swanson had to provide Cary with the most basic details about the Plan. *Id*. Ex. 8 ("Astellas is a current AHIC client of John Doyle's. We've been talking to them . . . for about a year."). Plaintiffs cannot justify the addition of the most senior members of AHIC's management as custodians based merely on the assertion that AHIC's existing custodians copied Testore and Cary on a grand total of three emails related to the Plan and, as members of senior management, they were authorized to sign certain documents (*id*. Ex. 9).[4]

II. **None of Plaintiffs' New Arguments Justifies the Significant Burden of Adding the Five Additional Custodians that Plaintiffs Sought in Their Motion to Compel.**

Unable to address the arguments in AHIC's Opposition, plaintiffs again distort the record by fundamentally exaggerating Craig Pearlman's role and incorrectly claiming that he was "AHIC's point salesperson" and took "the lead role" in communicating with Astellas. Reply 7–8. Plaintiffs do not point to a single email between Pearlman and Astellas in their Reply and the minutes of the Astellas Committee never mention Pearlman as having attended a meeting with the Committee. Instead, the new emails that plaintiffs cite involve Doyle (a custodian)

---

[4] *See Enslin v. Coca-Cola Co.*, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) (denying motion to compel because the mere fact that certain individuals "occupied senior roles in the Company[]" was insufficient to satisfy moving party's burden of "point[ing] to any evidence to suggest that a search of their ESI would produce responsive information that has not already been captured"); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 2013 WL 4838796, at *2 (S.D.N.Y. Sept. 11, 2013) (same).

3

contacting Pearlman as well as Swanson (another custodian) with discrete questions (Doles Reply Decl. Ex. 14), requesting other RFPs as precedents (*id*. Ex. 13), or providing updates on conversations with Astellas that Pearlman did not participate in (*id*. Exs. 11, 12). Even if plaintiffs are correct that Doyle "sought direction from Pearlman," that only underscores that any responsive communications involving Pearlman would already be produced from Doyle's custodial files. Indeed, plaintiffs have not pointed to any emails from Doyle to Pearlman that do not also copy Swanson (who is also already a custodian). (*Id*. Exs. 11–14). Plaintiffs claim that Pearlman has "unique information" because he voluntarily resigned from AHIC, but they do not (because they cannot) point to any connection between Pearlman's resignation and either the Astellas Plan or any of the issues in this litigation. Reply 8–9.[5]

Finally, plaintiffs offer virtually no basis for adding the remaining custodians. Indeed, the emails plaintiffs cite confirm that Eugene Lee was a junior analyst who did not communicate with Astellas or generate work product about the Astellas Plan without copying Doyle.[6] John *Compare* Decl. of John Doyle ¶ 3, ECF 73–1, *with* Doles Reply Decl. Exs 11–12. And plaintiffs' continued insistence on adding the three individuals cited in AHIC's Rule 26(a) disclosures as custodians is completely undermined by their refusal to accept AHIC's offer to add a custodian on that basis ***without prejudice to plaintiffs' motion to compel***. Mar. 31, 2021 Pollak Sur-Reply Decl. Ex. 10; Pollak Decl. ISO Opp. Exs. 5–6. Plaintiffs simply have not come

---

[5] *See Assured Guar. Mun. Corp. v. UBS Real Est. Sec. Inc.*, 2013 WL 1195545, at *3 (S.D.N.Y. Mar. 25, 2013) (rejecting "***speculation*** that the positions of [the proposed custodians] as senior executives" was likely to increase the relevance of their files); *see also United States ex rel. McBride v. Halliburton Co.,* 272 F.R.D. 235, 240–41 (D.D.C. 2011) (noting that the court is obligated to consider, among other things, whether "the discovery sought is unreasonably cumulative or duplicative" and denying motion to add custodians where plaintiff, among other things, did not demonstrate that e-mails that had yet to be produced were crucial to her proof).

[6] Plaintiffs have already rescinded their request to compel AHIC to add the other two junior analysts who held the same role as Eugene Lee, Polina Tsybrovska and Steve Tagarov, because "those individuals would provide truly duplicative materials to Doyle and may be excluded as custodians." Reply 11. The same is true for Eugene Lee.

4

close to meeting their burden of demonstrating that "the additional requested custodians would provide *unique* relevant information"[7] to justify the considerable burden and expense of searching approximately three million additional emails.[8] *See* Opp. n.17; Pollak Decl. ISO Opp. ¶ 7.

Dated: April 1, 2021            Respectfully Submitted,

*/s/ Brian D. Boyle*
O'MELVENY & MYERS LLP
Brian D. Boyle (*pro hac vice*)
Shannon M. Barrett (*pro hac vice*)
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (213) 430–6000
Facsimile: (213) 430–6407
bboyle@omm.com
sbarrett@omm.com

John R. Landis
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832–4539

Stuart M. Sarnoff (*pro hac vice*)
William Pollak (*pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326–2000
ssarnoff@omm.com
wpollak@omm.com

*Attorneys for Aon Hewitt Investment Consulting Inc. (NKA Aon Investments USA, Inc.)*

---

[7] *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107–08 (S.D.N.Y. 2013); *see* Opp. 9 n.11, 12 nn.16–17.

[8] AHIC's estimate of the burden associated with these additional custodians is based on the relief requested in the Motion to Compel. It is worth noting that while plaintiffs characterize their request for additional discovery as "extremely narrowed," "targeted," and designed to "minimize AHIC's burden" because it is limited to "only two discovery requests," (Reply 2, 11) on March 26, 2021, plaintiffs sent AHIC a letter insisting that AHIC expand the discovery period by a full year for eight additional Requests (Nos. 3, 4, 14, 16, 23, 25, 32, 33). Plaintiffs' March 26 demand would only further exacerbate the already significant burden associated with these seven additional custodians.

5