# Exhibit 32

| | |
|---|---|
| **From:** | Pollak, William David |
| **To:** | Kurt Struckhoff; Brostek-Maciel, Jessica |
| **Cc:** | Boyle, Brian; Barrett, Shannon; Sarnoff, Stuart M.; Kopczynski, Jeffrey A. N.; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A.; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com; Troy Doles; Heather Lea; Rebekah Freisinger |
| **Subject:** | RE: Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.) |
| **Date:** | Friday, March 19, 2021 8:12:08 PM |
| **Attachments:** | image001.png |

Kurt,

We can confirm that we will produce any non-privileged emails identified from the agreed-upon custodians and search terms that discuss compensation or anticipated compensation to AHIC or its affiliates either (i) for providing services to the Plan or (ii) from the launch of the Aon Trust funds or the launch of AHIC's delegated services business. We obviously disagree with many of the statements in the first section of your email but, in light of the parties' agreement on the scope of AHIC's production, we won't belabor the point.

As to custodians, we were frankly surprised by your response. In the interest of producing documents as expeditiously as possible, AHIC reiterated the offer in our Feb. 19 and March 3 letters to allow plaintiffs to add two custodians: (i) one of Richard Swanson, Eugene Lee or Steve Tagarov and (ii) either David Keil or Eric Friedman. And we offered to include those two additional custodians without prejudice to plaintiffs' effort to seek additional custodians through its motion to compel. Despite AHIC's willingness to add two custodians without any prejudice to—or corresponding commitment by—plaintiffs, you did not accept this offer. Instead, you purported to "agree" to an offer AHIC has not made. We can only assume from your refusal to accept AHIC's offer to add either Mr. Keil or Mr. Friedman—again, without prejudice to your motion to compel—that you are no longer interested in either of them as additional custodians. With respect to your "agreement" to add Craig Pearlman, he is not among the individuals that we offered to include, and, for the reasons explained in our Feb. 19 letter and in our opposition to your motion to compel adding him as a custodian is unwarranted, particularly in light of the addition of Mr. Swanson. Likewise, AHIC did not offer to include both Mr. Swanson and Mr. Lee. Given that plaintiffs apparently prioritize Mr. Swanson's inclusion as a custodian over Mr. Lee's, we will add him to our custodian list and begin reviewing his documents. If plaintiffs will not otherwise engage with AHIC's actual offer to add custodians without prejudice to plaintiffs, we will not press the issue further.

Best,
Will

## O'Melveny

**William D. Pollak**
O'Melveny & Myers LLP
wpollak@omm.com
O: (212) 728-5994

---

**From:** Kurt Struckhoff <kstruckhoff@uselaws.com>
**Sent:** Tuesday, March 16, 2021 10:56 AM

**To:** Pollak, William David <wpollak@omm.com>; Brostek-Maciel, Jessica <jbrostek-maciel@omm.com>
**Cc:** Boyle, Brian <bboyle@omm.com>; Barrett, Shannon <sbarrett@omm.com>; Sarnoff, Stuart M. <ssarnoff@omm.com>; Kopczynski, Jeffrey A. N. <jkopczynski@omm.com>; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A. <matthew.russell@morganlewis.com>; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com; Troy Doles <tdoles@uselaws.com>; Heather Lea <hlea@uselaws.com>; Rebekah Freisinger <rfreisinger@uselaws.com>
**Subject:** RE: Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.)

[EXTERNAL MESSAGE]

Will:

We write in response to those issues raised in your March 13, 2021 correspondence below.

**AHIC's revenue, profits and compensation**
We understand AHIC's position that it did not earn any revenue, profits or compensation from including the Aon Trusts in the Plan based on the terms of the IMA. However, it cannot be disputed by AHIC that: (a) it received an advisory fee from the Aon Trusts (non-Class I shares) included in 401(k) plans; (b) it received a fee under the IMA for discretionary investment manager services; and (c) it or its employees may have received a fee or commission from the inclusion of the Aon Trusts in 401(k) plans and/or 401(k) plans that agreed to the delegated fiduciary model. If another AHIC-related entity received portions of these fees, revenue or compensation, that should be disclosed and not hidden with semantics.

As we have made clear, AHIC's business-related motivation to create and offer its proprietary investment products to clients, including the Astellas Plan, in order to generate additional revenue to benefit its collective trust business is directly at issue and relevant to Plaintiffs' claims. This information and any incentive compensation received by AHIC employees would show the inherent conflict that AHIC had in using its proprietary investments for the Plan. Therefore, internal AHIC documents discussing fees, revenue, profit or compensation that AHIC expected to receive or received from all sources should be produced regardless of whether the Plan is specifically mentioned. These documents directly bear on AHIC's decision to use its own proprietary products in the Plan rather than maintaining the Plan's existing non-proprietary investments.

Based on AHIC's confirmation that it will produce non-privileged responsive documents from the custodians and the time periods you identified unless they solely relate to compensation derived from other clients under AHIC's delegated arrangements with them, it does not appear that the parties have a present dispute on this issue. (Note, we interpret your condition to mean that documents solely related to the compensation AHIC received from a specifically identified client will not be produced.) However, in light of our motion to compel, if the Court grants Plaintiffs' motion for documents created since January 1, 2013, we expect that AHIC would expand its search and produce non-privileged responsive documents dating back to January 1, 2013.

**Search terms**
With respect to search terms, based on the information you provided below and your agreement to add additional search terms, the parties are in agreement.

**Custodians**
Without waiving our rights and without prejudice to Plaintiffs' pending motion to compel, Plaintiffs will agree to add Eugene Lee, Richard Swanson and Craig Pearlman. If AHIC insists on only adding two custodians in total, we will agree to Swanson and Pearlman and omit Lee. Based on our research, Pearlman and Swanson were directly referenced in marketing materials and involved in the promotion and sale of the Aon Trusts and delegated fiduciary model, among other issues. These are non-duplicative custodians and as such both should be included. We are agreeing to these custodians so that the parties can move forward with this portion of discovery. Again, we make this proposal without prejudice to our existing motion to compel.

**Kurt C. Struckhoff**

**Schlichter Bogard & Denton LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
T: 314-621-6115 | 314-884-7707 (direct)
F: 314-621-5934



*This message is confidential, intended only for the named recipient(s), and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this message. Thank you.*

---

**From:** Pollak, William David <wpollak@omm.com>
**Sent:** Saturday, March 13, 2021 2:54 PM
**To:** Kurt Struckhoff <kstruckhoff@uselaws.com>; Brostek-Maciel, Jessica <jbrostek-maciel@omm.com>
**Cc:** Boyle, Brian <bboyle@omm.com>; Barrett, Shannon <sbarrett@omm.com>; Sarnoff, Stuart M. <ssarnoff@omm.com>; Kopczynski, Jeffrey A. N. <jkopczynski@omm.com>; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A. <matthew.russell@morganlewis.com>; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com; Troy Doles <tdoles@uselaws.com>; Heather Lea <hlea@uselaws.com>; Rebekah Freisinger <rfreisinger@uselaws.com>
**Subject:** RE: Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.)

Kurt,

As we have repeatedly explained, AHIC did not earn any revenue, profits, or compensation from including the Aon Trust funds as investment options in the Astellas Plan; AHIC's sole compensation from the Astellas Plan was its fee for serving as delegated fiduciary to the Plan. Accordingly, we do not expect to find documents discussing revenue that AHIC earned from selecting the Aon Trust

funds either for this Plan, or for any other plan—as there could not have been any such revenue effect. Except as to ESI from our selected custodians focused on the Astellas Plan, nor will AHIC search for generic "business documents" with no connection to the Astellas Plan that AHIC created in a non-fiduciary capacity discussing the potential benefits from launching its delegated services business (or from launching the Aon Trusts) because those documents have no bearing on the decision by Plan fiduciaries to use the Aon Trusts to fulfill delegated obligations to the Plan, versus other investment vehicles.

Nevertheless, we can confirm that we will produce any non-privileged emails identified from the custodians in my March 3, 2021 letter and the attached search terms (or any other custodians or search terms that the parties agree to) for the expanded Jan. 1, 2015 - Nov. 17, 2020 time period (and the May 1, 2014 - Jan. 1, 2015 period for J. Doyle) that discuss compensation or anticipated compensation to AHIC or its affiliates either (i) for providing services to the Plan or (ii) from the launch of the Aon Trust funds or the launch of AHIC's delegated services business, even though we dispute the relevance of these materials. AHIC will not, however, produce documents solely discussing the compensation that AHIC earned (or could earn) from other clients in connection with their delegated arrangements.

With respect to the three questions that you raised regarding search terms:

- First, by our estimate approximately 100 of AHIC's search terms (a large number of which are adopted from Plaintiffs' Feb. 10 proposal) are designed to identify documents discussing AHIC's compensation, including the searches listed below. These searches involve either the Plan or the challenged investments and, thus, as demonstrated by our statistical sampling, are much more likely to identify responsive documents than the generic business searches that Plaintiffs proposed.

- Second, documents and communications regarding the Plan's prior investments are already captured by the term "Astellas." Our statistical sampling confirms that only 0.17–2.27% of the documents identified by your broad searches for the names of these investment funds are responsive.

- Finally, we did not include the "SimPlus Savings" search term because the Astellas Plan did not utilize AHIC's SimPlus Savings services. Nevertheless, in the interest of resolving these disputes, AHIC will agree to the search term modifications that you propose below; we will agree both (i) to add the search term "SimPlus Savings" and (ii) to use "AHIC" as an alternative first term for all of the search strings. We have attached an updated list of search terms that incorporates these new searches at the end of the list (Search Terms Nos. 877 to 1168.).

We are working on a response to the other items in your letter and plan to send you a response early next week. As we have noted, we are available for a meet and confer call if you would like to discuss these issues further.

Finally, in light of the current schedule, we are reviewing and producing documents as expeditiously

as possible.  With that in mind, can you please let us know which two custodians of the additional custodians we offered in our March 3, 2021 letter you would like us to include in our discovery plan. Your selection of two of those custodians will allow us to collect and review documents from the custodians that we have agreed upon and will be without prejudice to your motion to compel AHIC to include all 8 custodians identified in your Feb. 10 letter (or our opposition to that motion).

Best,
Will

- Astellas
- AHCIT w/5 revenue*
- AHCIT w/5 sale*
- AHCIT w/5 profit*
- CCT w/10 revenue*
- CCT w/10 sale
- CCT w/10 profit*
- Aon w/5 "Large Cap" w/5 revenue*
- Aon w/5 "Mid Cap" w/5 revenue *
- Aon w/5 "Non-U.S. Equity" w/5 revenue *
- Aon w/5 "inflation strategy" w/5 revenue *
- Aon w/5 "core plus bond" w/5 revenue *
- Hewitt w/5 "Large Cap" w/5 revenue *
- Hewitt w/5 "Mid Cap" w/5 revenue *
- Hewitt w/5 "Non-U.S. Equity" w/5 revenue *
- Hewitt w/5 "inflation strategy" w/5 revenue *
- Hewitt w/5 "core plus bond" w/5 revenue*
- Aon w/5 "Large Cap Equity" w/25 compensation
- Aon w/5 "Mid Cap Equity" w/25 compensation
- Aon w/5 "Non-U.S. Equity" w/25 compensation
- Aon w/5 "inflation strategy" w/25 compensation
- Aon w/5 "core plus bond" w/25 compensation
- Hewitt w/5 "Large Cap Equity" w/25 compensation
- Hewitt w/5 "Mid Cap Equity" w/25 compensation
- Hewitt w/5 "Non-U.S. Equity" w/25 compensation
- Hewitt w/5 "inflation strategy" w/25 compensation
- Hewitt w/5 "core plus bond" w/25 compensation
- Aon w/5 "Large Cap" w/5 profit*
- Aon w/5 "Mid Cap" w/5 profit*
- Aon w/5 "Non-U.S. Equity" w/5 profit*
- Aon w/5 "inflation strategy" w/5 profit*
- Aon w/5 "core plus bond" w/5 profit*
- Hewitt w/5 "Large Cap" w/5 profit*
- Hewitt w/5 "Mid Cap" w/5 profit*

- Hewitt w/5 "Non-U.S. Equity" w/5 profit*
- Hewitt w/5 "inflation strategy" w/5 profit*
- Hewitt w/5 "core plus bond" w/5 profit*
- Aon w/5 "Large Cap Equity" w/25 "self-dealing"
- Aon w/5 "Mid Cap Equity" w/25 "self-dealing"
- Aon w/5 "Non-U.S. Equity" w/25 "self-dealing"
- Aon w/5 "inflation strategy" w/25 "self-dealing"
- Aon w/5 "core plus bond" w/25 "self-dealing"
- Hewitt w/5 "Large Cap Equity" w/25 "self-dealing"
- Hewitt w/5 "Mid Cap Equity" w/25 "self-dealing"
- Hewitt w/5 "Non-U.S. Equity" w/25 "self-dealing"
- Hewitt w/5 "inflation strategy" w/25 "self-dealing"
- Hewitt w/5 "core plus bond" w/25 "self-dealing"
- Aon w/5 "Large Cap Equity" w/25 sales
- Aon w/5 "Mid Cap Equity" w/25 sales
- Aon w/5 "Non-U.S. Equity" w/25 sales
- Aon w/5 "inflation strategy" w/25 sales
- Aon w/5 "core plus bond" w/25 sales
- Hewitt w/5 "Large Cap Equity" w/25 sales
- Hewitt w/5 "Mid Cap Equity" w/25 sales
- Hewitt w/5 "Non-U.S. Equity" w/25 sales
- Hewitt w/5 "inflation strategy" w/25 sales
- Hewitt w/5 "core plus bond" w/25 sales
- Aon w/5 "Large Cap" w/5 income*
- Aon w/5 "Mid Cap" w/5 income*
- Aon w/5 "Non-U.S. Equity" w/5 income*
- Aon w/5 "inflation strategy" w/5 income*
- Aon w/5 "core plus bond" w/5 income*
- Hewitt w/5 "Large Cap" w/5 income*
- Hewitt w/5 "Mid Cap" w/5 income*
- Hewitt w/5 "Non-U.S. Equity" w/5 income*
- Hewitt w/5 "inflation strategy" w/5 income*
- Hewitt w/5 "core plus bond" w/5 income*
- Aon w/5 "Large Cap" w/5 fee
- Aon w/5 "Mid Cap" w/5 fee
- Aon w/5 "Non-U.S. Equity" w/5 fee
- Aon w/5 "inflation strategy" w/5 fee
- Aon w/5 "core plus bond" w/5 fee
- Hewitt w/5 "Large Cap" w/5 fee
- Hewitt w/5 "Mid Cap" w/5 fee
- Hewitt w/5 "Non-U.S. Equity" w/5 fee

- Hewitt w/5 "inflation strategy" w/5 fee
- Hewitt w/5 "core plus bond" w/5 fee
- Aon w/5 "Large Cap" w/5 pitch*
- Aon w/5 "Mid Cap" w/5 pitch *
- Aon w/5 "Non-U.S. Equity" w/5 pitch *
- Aon w/5 "inflation strategy" w/5 pitch *
- Aon w/5 "core plus bond" w/5 pitch *
- Hewitt w/5 "Large Cap" w/5 pitch *
- Hewitt w/5 "Mid Cap" w/5 pitch *
- Hewitt w/5 "Non-U.S. Equity" w/5 pitch *
- Hewitt w/5 "inflation strategy" w/5 pitch *
- Hewitt w/5 "core plus bond" w/5 pitch*
- Aon w/5 "Large Cap" w/5 money
- Aon w/5 "Mid Cap" w/5 money
- Aon w/5 "Non-U.S. Equity" w/5 money
- Aon w/5 "inflation strategy" w/5 money
- Aon w/5 "core plus bond" w/5 money
- Hewitt w/5 "Large Cap" w/5 money
- Hewitt w/5 "Mid Cap" w/5 money
- Hewitt w/5 "Non-U.S. Equity" w/5 money
- Hewitt w/5 "inflation strategy" w/5 money
- Hewitt w/5 "core plus bond" w/5 money

## O'Melveny
**William D. Pollak**
O'Melveny & Myers LLP
wpollak@omm.com
O:  (212) 728-5994

---

**From:** Kurt Struckhoff <kstruckhoff@uselaws.com>
**Sent:** Thursday, March 11, 2021 2:31 PM
**To:** Brostek-Maciel, Jessica <jbrostek-maciel@omm.com>; Pollak, William David <wpollak@omm.com>
**Cc:** Boyle, Brian <bboyle@omm.com>; Barrett, Shannon <sbarrett@omm.com>; Sarnoff, Stuart M. <ssarnoff@omm.com>; Kopczynski, Jeffrey A. N. <jkopczynski@omm.com>; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A. <matthew.russell@morganlewis.com>; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com; Troy Doles <tdoles@uselaws.com>; Heather Lea <hlea@uselaws.com>; Rebekah Freisinger <rfreisinger@uselaws.com>
**Subject:** RE: Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.)

[EXTERNAL MESSAGE]

Counsel:

Plaintiffs write in response to your March 3, 2021 correspondence related to the proposed search terms.

At the outset, we need clarification on the threshold issue that we have raised several times, that is, whether AHIC intends to produce documents related to the revenue, profits and related benefits AHIC expected to receive or received as a result of offering the Aon Trusts. In your letter, you specifically exclude the business terms that Plaintiffs proposed to identify these types of documents because you contend that such terms have "no conceivable connection to the issues in this litigation". As we have made clear during our meet and confer calls and subsequent correspondence, this discovery is directly at issue and relevant to Plaintiffs' loyalty claims in this litigation.

Putting aside the time period of production, please confirm whether AHIC intends to produce this type of information to the extent it is captured from AHIC's search.

To the extent AHIC intends to produce this business-related information, please identify the AHIC proposed terms that would capture this type of information. Confirming that this information will already be captured from AHIC's revised list of search terms on Exhibit A to your letter will help to address our concerns about excluding these terms from AHIC's search methodology.

We also had a few questions related to other excluded terms. First, AHIC has excluded "SimPlus Savings" as a search term. To the extent this term would be captured by other terms, please indicate the term(s). Second, AHIC contends that the specific terms related to the Plan's prior investments will be captured by AHIC's search terms. Please indicate the terms that will capture this information.

In light of AHIC's proposal to use narrower search terms rather than Plaintiffs' Proposal A, Plaintiffs request that in addition to "Aon" or "Hewitt", "AHIC" also be used as an alternative string. For instance, for strings 301 and 306, an alternative search string of AHIC w/5 "Large Cap Equity" w/25 "sales" be used.

In your March 3 letter, AHIC indicates that it will provide a more comprehensive response to the other issues raised in our March 1, 2021 letter. Please let us know when you intend to address these outstanding issues.

Best,

**Kurt C. Struckhoff**

**Schlichter Bogard & Denton LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
T: 314-621-6115 | 314-884-7707 (direct)
F: 314-621-5934



*This message is confidential, intended only for the named recipient(s), and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this message. Thank you.*

**From:** Brostek-Maciel, Jessica <jbrostek-maciel@omm.com>
**Sent:** Wednesday, March 3, 2021 10:05 PM
**To:** Kurt Struckhoff <kstruckhoff@uselaws.com>; Pollak, William David <wpollak@omm.com>
**Cc:** Boyle, Brian <bboyle@omm.com>; Barrett, Shannon <sbarrett@omm.com>; Sarnoff, Stuart M. <ssarnoff@omm.com>; Kopczynski, Jeffrey A. N. <jkopczynski@omm.com>; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A. <matthew.russell@morganlewis.com>; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com; Troy Doles <tdoles@uselaws.com>; Heather Lea <hlea@uselaws.com>; Rebekah Freisinger <rfreisinger@uselaws.com>
**Subject:** RE: Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.)

Counsel,

Please see the attached correspondence.

Best,
Jessica Brostek-Maciel

Jessica Brostek-Maciel
O: +1-949-823-7948
jbrostek-maciel@omm.com

**From:** Kurt Struckhoff <kstruckhoff@uselaws.com>
**Sent:** Monday, March 1, 2021 2:53 PM
**To:** Brostek-Maciel, Jessica <jbrostek-maciel@omm.com>; Pollak, William David <wpollak@omm.com>
**Cc:** Boyle, Brian <bboyle@omm.com>; Barrett, Shannon <sbarrett@omm.com>; Sarnoff, Stuart M. <ssarnoff@omm.com>; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A. <matthew.russell@morganlewis.com>; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com; Troy Doles <tdoles@uselaws.com>; Heather Lea <hlea@uselaws.com>; Rebekah Freisinger <rfreisinger@uselaws.com>
**Subject:** RE: Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.)

[EXTERNAL MESSAGE]

Counsel:

Please see our attached response to your February 19 letter.

**Kurt C. Struckhoff**

**Schlichter Bogard & Denton LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
T: 314-621-6115 | 314-884-7707 (direct)
F: 314-621-5934



*This message is confidential, intended only for the named recipient(s), and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this message. Thank you.*

---

**From:** Brostek-Maciel, Jessica <jbrostek-maciel@omm.com>
**Sent:** Friday, February 19, 2021 4:17 PM
**To:** Kurt Struckhoff <kstruckhoff@uselaws.com>; Troy Doles <tdoles@uselaws.com>; Heather Lea <hlea@uselaws.com>; Rebekah Freisinger <rfreisinger@uselaws.com>
**Cc:** Boyle, Brian <bboyle@omm.com>; Barrett, Shannon <sbarrett@omm.com>; Sarnoff, Stuart M. <ssarnoff@omm.com>; Pollak, William David <wpollak@omm.com>; JSoble@foley.com; JRLandis@foley.com; Russell, Matthew A. <matthew.russell@morganlewis.com>; jeremy.blumenfeld@morganlewis.com; christopher.boran@morganlewis.com; scott.milner@morganlewis.com
**Subject:** Miller et al. v. Astellas et al., Case No. 20-cv-3882 (N.D. Ill.)

Counsel,

Please see the attached correspondence.

Best,
Jessica Brostek-Maciel

# O'Melveny

**Jessica Brostek-Maciel**
Associate
jbrostek-maciel@omm.com
O: +1-949-823-7948

O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Website | LinkedIn | Twitter

*Vault*: An Industry First: #1 Best Law Firm to Work For, Best Overall Diversity, and Best Summer Program

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*