## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| SUSAN WOERTH MILLER, FAURUM SANKARI, ANGELA HEIMGARTNER, MICHAEL WACHALA, MARY BETH PREUSS, ERIC TERHAERDT, PATRICIA WALSH, AND SHEILA EARLY, individually and as representatives of classes of participants and beneficiaries on behalf of the Astellas US Retirement and Savings Plan, | |
| Plaintiffs, | Civil Action No. 1:20-cv-03882 |
| v. | Honorable Ronald A. Guzman |
| ASTELLAS US LLC, THE BOARD OF DIRECTORS OF ASTELLAS US LLC, THE ASTELLAS RETIREMENT PLAN ADMINISTRATIVE COMMITTEE, AND AON HEWITT INVESTMENT CONSULTING, INC. (N/K/A AON INVESTMENTS USA, INC.), | CLASS ACTION |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' DEMAND FOR JURY TRIAL PURSUANT TO FED. R. CIV. P. 39(a)(2)**

## TABLE OF CONTENTS

**Page**

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 1

LEGAL STANDARD.............................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

      I.       Plaintiffs' Claims Are Inherently Equitable in Nature ......................................... 4

      II.     Plaintiffs Seek Only Equitable Remedies, Reinforcing That They Have No
             Right to A Jury Trial. ......................................................................................... 6

      III.    The *Williams v. Centerra Grp., LLC* Court Recently Struck a Jury
             Demand in a Parallel Case Brought by the Same Plaintiffs Firm Asserting
             the Same Claims Against Aon and its Plan Sponsor Client................................... 8

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott v. Lockheed Martin Corp.*,
    2007 WL 2316481 (S.D. Ill. Aug. 13, 2007) ...................................................... 4, 5, 9

*Adams v. Cyprus Amax Mins. Co.*,
    149 F.3d 1156 (10th Cir. 1998) ...................................................... 5

*Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*,
    2013 WL 6189802 (D. Vt. Nov. 27, 2013) ...................................................... 6, 7

*Beesley v. Int'l Paper Co.*,
    2009 WL 260782 (S.D. Ill. Feb. 4, 2009) ...................................................... 5

*Bell v. Pension Comm. of Ath Holding Co., LLC*,
    2016 WL 4088737 (S.D. Ind. Aug. 1, 2016) ...................................................... 5, 9

*Benjamin v. Marshall P. Morris, Ltd. Profit Sharing Plan & Tr.*,
    1998 WL 299434 (N.D. Ill., May 20, 1998) ...................................................... 4

*Biggers v. Wittek Indus.*,
    4 F.3d 291 (4th Cir. 1993) ...................................................... 5

*Bittinger v. Tecumseh Prods. Co.*,
    123 F.3d 877 (6th Cir. 1997) ...................................................... 5

*Bugher v. Feightner*,
    722 F.2d 1356 (7th Cir. 1983) ...................................................... 4

*Buley v. Sears Holdings Corp.*,
    2005 WL 8179248 (N.D. Ill. Oct. 17, 2005) ...................................................... 3

*Calamia v. Spivey*,
     632 F.2d 1235 (5th Cir. 1980) ...................................................... 5

*Carver v. Bank of N.Y. Mellon*,
    2017 WL 1208598 (S.D.N.Y. Mar. 31, 2017) ...................................................... 7

*Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*,
    494 U.S. 558 (1990) ...................................................... 1, 3

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011) ...................................................... 1, 4, 6

*Coburn v. Cont'l Cas. Co.*,
    306 F.Supp.2d 815 (N.D. Ind. 2003) ...................................................... 7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Divane v. Nw. Univ.*,
   953 F.3d 980 (7th Cir. 2020) ................................................................... 4, 6, 9

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) ..................................................................................... 7

*George v. Kraft Foods Glob., Inc.*,
   2008 WL 780629 (N.D. Ill. Mar. 20, 2008) ........................................... 4, 5, 9

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33 (1989) ........................................................................................ 3

*Great-West Life & Annuity Insurance Co. v. Knudson*,
   534 U.S. 204 (2002) ...................................................................................... 6

*Hughes v. Nw. Univ.*,
   142 S.Ct. 737 (U.S. 2022) ............................................................................. 4

*In re 2014 Radioshack ERISA Litig.*,
   165 F. Supp. 3d 492 (N.D. Tex. 2016) ......................................................... 7

*In Re First Am. Corp. ERISA Litig.*,
   2009 WL 536254 (C.D. Cal. Feb. 9, 2009) ................................................... 5

*Mass. Mut. Life Ins. Co. v. Russell*,
   473 U.S. 134 (1985) ...................................................................................... 7

*Mathews v. Sears Pension Plan*,
   144 F.3d 461 (7th Cir. 1998) ........................................................................ 4

*McCutchan v. Coriant Operations, Inc.*,
   2021 WL 83734 (N.D. Ill. Jan. 11, 2021) ..................................................... 9

*McDougall v. Pioneer Ranch L.P.*,
   494 F.3d 571 (7th Cir. 2007) ........................................................................ 4

*Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plans*,
   136 S.Ct. 651 (2016) ..................................................................................... 6

*Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plans*,
   577 U.S. 136 (2016) ...................................................................................... 6

*Parsons v. Bedford*,
   28 U.S. (3 Pet.) 433 (1830) .......................................................................... 3

*Patton v. MFS/Sun Life Fin. Distribs., Inc.*,
   480 F.3d 478 (7th Cir. 2007) ........................................................................ 4

iii

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Perez v. Silva*,
  185 F. Supp. 3d 698 (D. Md. 2016) ................................................................................. 7, 8

*Plumb v. Fluid Pump Serv., Inc.*,
  124 F.3d 849 (7th Cir. 1997) ............................................................................................ 7

*Ramos v. Banner Health*,
  2019 WL 1558069 (D. Colo. Apr. 10, 2019) ................................................................... 9

*Shaw v. Prudential Ins. Co. of Am.*,
  2012 WL 432874 (W.D. Mo. Feb. 9, 2012) ..................................................................... 3

*Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning*,
  934 F.2d 35 (3rd Cir. 1991) .............................................................................................. 5

*Smith v. State Farm Grp. Long Term Disability Plan for U.S. Emps.*,
  2013 WL 4538516 (N.D. Ill. Aug. 27, 2013) ................................................................... 7

*Solis v. Tomco Autor Prods., Inc.*,
  2012 WL 12920838 (C.D. Cal. July 10, 2012) ................................................................. 7

*Spano v. Boeing Co.*,
  2007 WL 1149192 (S.D. Ill. Apr. 18, 2007) ........................................................ 4, 5, 8, 9

*Teutscher v. Woodson*,
  835 F.3d 936 (9th Cir. 2016) ............................................................................................ 5

*Tracey v. Mass. Inst. of Tech.*,
  395 F. Supp. 3d 150 (D. Mass. 2019) ............................................................................... 9

*Tull v. United States*,
  481 U.S. 412 (1987) .......................................................................................................... 3

*Useden v. Acker*,
  947 F.2d 1563 (11th Cir. 1991) ........................................................................................ 5

*Wardle v. Cent. States, Se. & Sw. Areas Pension Fund*,
  627 F.2d 820 (7th Cir. 1980) ............................................................................................ 7

*Williams v. Centerra Grp., LLC*,
  2022 WL 88586 (D.S.C. Jan. 7, 2022) .......................................................................... 8, 9

**Statutes**

29 U.S.C. § 1109(a) ................................................................................................................... 2

iv

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Other Authorities**

U.S. Const. amend. VII ........................................................................................................... 3

Defendants Aon Hewitt Investment Consulting, Inc. (N/K/A Aon Investments USA, Inc.) ("AHIC") and Astellas US LLC, the Board of Directors of Astellas US LLC, the Astellas Retirement Plan Administrative Committee (collectively, the "Astellas Defendants"), hereby move pursuant to Federal Rule of Civil Procedure 39(a)(2) to strike plaintiffs' demand for a jury trial set forth in their Amended Complaint (ECF No. 173) ("Am. Compl.").

Plaintiffs' Amended Complaint demands a "trial by jury." Am. Compl. ¶ 122. The Supreme Court, however, has clearly held that the right to a jury does not extend to equitable, as opposed to legal, claims. *See Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). And, as the Supreme Court has also made clear, claims against alleged fiduciaries for breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA")—the claims asserted here—are inherently equitable in nature. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 439–40 (2011). Courts in the Seventh Circuit have routinely stricken jury demands in cases against fiduciaries for alleged breaches of fiduciary duties under ERISA. There is no basis for a different course here.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are current or former participants in the Astellas US LLC Retirement & Savings Plan (the "Plan"), a 401(k) plan that allows employees to invest for retirement. Am. Compl. ¶¶ 7–9. AHIC is a registered investment advisor that, prior to August 2016, provided investment consulting services to the Astellas Administrative Committee. *Id.* ¶¶ 20, 22, 38. On August 26, 2016, Astellas entered into an Investment Management Agreement ("IMA") delegating discretionary responsibility to AHIC for, among other things, selecting investment options for the Plan's investment lineup. *Id.* ¶¶ 20, 38–39; *see also* ECF 54, IMA. On October 3, 2016, AHIC exercised its delegated fiduciary discretion to restructure the Plan's lineup, removing eight single-strategy mutual funds and replacing them with four diversified Aon asset-class-based

1

trusts and one objectives-based trust (collectively, the "Aon Trust Funds"). Am. Compl. ¶ 40.

Plaintiffs assert that defendants breached their fiduciary duties of loyalty and prudence under

ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(A)–(B), by selecting and retaining the Aon Trust

Funds in the Plan. *Id*. ¶¶ 102–108. Plaintiffs also allege that defendants violated ERISA §

406(a)–(b), 29 U.S.C. § 1106(a)–(b), which prohibits fiduciaries from engaging in transactions

with certain parties having a connection to the plan.[1] *Id.* ¶¶ 109–114. Plaintiffs bring their

claims under ERISA § 502(a)(2), 29 U.S.C. §§ 1132 (a)(2), 1132 (a)(3), which, in conjunction

with ERISA § 409(a), 29 U.S.C. § 1109(a), authorizes participants to sue fiduciaries for losses to

a plan stemming from the fiduciaries' breaches, the recovery of profits that fiduciaries receive

through the improper use of plan assets, and for "such other equitable or remedial relief as the

court may deem appropriate," 29 U.S.C. § 1109(a).

Plaintiffs assert various demands for recovery, all of which are comprised entirely of

equitable remedies. The remedies plaintiffs seek include: an injunction barring fiduciaries from

future (alleged) ERISA violations; a "surcharge" against defendants and in favor of the Plan

from any transactions held to be improper, excessive and/or in violation of ERISA; a request that

the Court "reform the Plan to include only prudent investments"; and "other equitable or

remedial relief as the Court deems appropriate." *Id.* at p. 47 "Prayer For Relief." Plaintiffs

demand a jury trial on each of their claims. *Id.* ¶ 122.

---

[1] The Court dismissed plaintiffs' claim against Aon that Aon engaged in a prohibited transaction regarding the payment of plan assets to Aon. The Court also dismissed plaintiffs' claims against the Astellas Defendants for breach of the fiduciary duties of prudence and loyalty based on the selection and retention of the Aon CITs as Plan investment options, and their claim that the Astellas Defendants engaged in prohibited transactions to the extent that the plaintiffs' claim is premised on the selection of the Aon CITs for the Plan. *See* Mem. Op. and Order on Defs' Mots. to Dismiss (ECF 99) at 9–13. On February 25, 2022, plaintiffs withdrew Count II of the Complaint (their claim that the Astellas Defendants breached the fiduciary duties of loyalty and prudence based on the selection and retention of higher cost shares of mutual funds and collective investment trusts).

## LEGAL STANDARD

Rule 39(a)(2) of the Federal Rules of Civil Procedure requires that a court strike a party's demand for a jury trial where no right to a jury trial exists as a matter of law because the party's claims are purely equitable in nature. *See Buley v. Sears Holdings Corp.*, 2005 WL 8179248, at *4 (N.D. Ill. Oct. 17, 2005). "A motion to strike a jury demand is properly made under Rule 39," and it "can be made at any time." *Shaw v. Prudential Ins. Co. of Am.,* 2012 WL 432874, at *7 (W.D. Mo. Feb. 9, 2012).

ERISA itself provides no express right to a jury trial, and the Seventh Amendment to the United States Constitution only guarantees a right to a jury trial, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars[.]" U.S. Const. amend. VII. As the Supreme Court has explained, "the phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" *Terry*, 494 U.S. at 564–65 (1990) (alterations in original) (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)); *see also*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989). "To determine whether a particular action will resolve legal rights" such that the plaintiff is entitled to a jury trial, the court must "examine both the nature of the issues involved and the remedy sought." *Terry*, 494 U.S. at 564–65. When performing this analysis, the court first "compare[s] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 565 (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)). The court then "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature." *Id.* (citing *Tull*, 481 U.S. at 417–18).

3

## ARGUMENT

Plaintiffs do not have a right to a jury trial here because their claims, and the remedies they seek, are equitable in nature.

## I.    PLAINTIFFS' CLAIMS ARE INHERENTLY EQUITABLE IN NATURE

As the Supreme Court has recognized, claims against fiduciaries for alleged breaches of duties under ERISA—the exact claims asserted here—are inherently equitable in nature and therefore cannot be tried by a jury. *See Amara*, 563 U.S. at 439–40 ("[A] suit by a beneficiary against a plan fiduciary . . . is the kind of lawsuit that, before the merger of law and equity, [plaintiffs] could have brought only in a court of equity, not a court of law."). Following this Supreme Court precedent, the Seventh Circuit has likewise consistently held that ERISA claims are equitable in nature and must be tried by the court. *See Divane v. Nw. Univ.*, 953 F.3d 980, 994 (7th Cir. 2020), *vacated and remanded on other grounds sub nom. Hughes v. Nw. Univ.*, 142 S.Ct. 737 (U.S. 2022); *McDougall v. Pioneer Ranch L.P.*, 494 F.3d 571, 576 (7th Cir. 2007) ("The general rule in ERISA cases is that there is no right to a jury trial because ERISA's antecedents are equitable, not legal.") (internal citations omitted); *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 484 (7th Cir. 2007) (recognizing the "general rule in ERISA cases, where the plaintiff has no right to a jury trial"); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 466 (7th Cir. 1998) ("[T]here is no right to a jury trial in [an ERISA] case."); *Bugher v. Feightner*, 722 F.2d 1356, 1358 (7th Cir. 1983) (same). District courts within the Seventh Circuit have explicitly applied this reasoning to breach of fiduciary claims under ERISA. *See, e.g., George v. Kraft Foods Glob., Inc.,* 2008 WL 780629, at *6 (N.D. Ill. Mar. 20, 2008); *Abbott v. Lockheed Martin Corp.*, 2007 WL 2316481, at *3 (S.D. Ill. Aug. 13, 2007); *Spano v. Boeing Co.,* 2007 WL 1149192, at *8–9 (S.D. Ill. Apr. 18, 2007); *Benjamin v. Marshall P. Morris, Ltd. Profit Sharing Plan & Tr.*, 1998 WL 299434, at *6 (N.D. Ill. May 20, 1998).

The Seventh Circuit's approach is consistent with that of the overwhelming weight of authority in other circuits. *See, e.g., Teutscher v. Woodson,* 835 F.3d 936, 943–44 (9th Cir. 2016) (finding ERISA claim wholly equitable in nature and no right to a jury trial on that claim); *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 883 (6th Cir. 1997) (holding that actions for equitable relief under ERISA are not entitled to jury trials); *Biggers v. Wittek Indus*., 4 F.3d 291, 298 (4th Cir. 1993) (reversing and remanding for new bench trial because district court erroneously allowed ERISA claims to be tried to a jury); *Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning,* 934 F.2d 35, 38 (3rd Cir. 1991) (noting that equitable ERISA claims are inappropriate for trial by jury); *Useden v. Acker,* 947 F.2d 1563, 1572 n.12 (11th Cir. 1991) (holding that the ERISA claims did not entitle plaintiff to a jury trial); *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir. 1980) (holding that ERISA did not entitle the appellant to a jury trial); *see also Adams v. Cyprus Amax Mins. Co.,* 149 F.3d 1156, 1161 (10th Cir. 1998) (jury trial unavailable in claim for benefits under ERISA Section 502(a)(l)(B), because such claims are equitable in nature).[2]  The consensus view articulated in these decisions is that ERISA does not permit jury trials for breach of fiduciary duty claims like those brought by plaintiffs here.

---

[2] To be clear, these citations are simply representative, and in no way a comprehensive catalog of the litany of decisions rejecting jury demands in ERISA cases.  Multiple courts have noted that such decisions represent the "overwhelming weight of authority," or similar phrasing. *Spano,* 2007 WL 1149192, at *8; *see, e.g., George,* 2008 WL 780629, at *2 ("In making this argument, plaintiffs run head long into nearly 30 years of Seventh Circuit authority holding that there is no right to a jury trial under ERISA"); *Beesley v. Int'l Paper Co*., 2009 WL 260782, at *6 (S.D. Ill. Feb. 4, 2009) (noting "overwhelming weight of authority" finds no right to jury trial under ERISA); *Bell v. Pension Comm. Of Ath Holding Co., LLC*, 2016 WL 4088737, at *2 (S.D. Ind. Aug. 1, 2016) (noting "well-established" precedent against jury demand); *Abbott,* 2007 WL 2316481, at *3 (noting "the great weight of authority" finds ERISA actions are not eligible for Seventh Amendment right to a jury trial); *In Re First Am. Corp. ERISA Litig*., 2009 WL 536254, at *2 (C.D. Cal. Feb. 9, 2009) ("[T]he overwhelming weight of authority in the federal courts holds that actions under ERISA § 502(a)(2) by participant-beneficiaries and fiduciaries to remedy . . . alleged violations of ERISA § 409(a) are equitable in nature for purposes of the Seventh Amendment jury trial right").

## II.   PLAINTIFFS SEEK ONLY EQUITABLE REMEDIES, REINFORCING THAT THEY HAVE NO RIGHT TO A JURY TRIAL.

The remedies that plaintiffs seek are also uniformly equitable in nature, further undermining their bid for a jury trial.  Plaintiffs themselves frame most of the relief in their "Prayer for Relief" in explicitly equitable terms—they seek an injunction, an accounting, a surcharge, a recovery for the benefit of the plan as a whole, and "other equitable or remedial relief."  *See* Am. Compl., Prayer for Relief at 46.  And, while plaintiffs purport to seek the recovery of losses suffered by the plan as a whole, the mere fact that ERISA plaintiffs arguably seek relief that "takes the form of a money payment does not remove it from the category of traditionally equitable relief."  *Amara*, 563 U.S. at 441.  Indeed, as the Supreme Court has recognized, even "an award of make-whole relief" is an equitable remedy when sought against an ERISA fiduciary.  *Id.* at 442.[3]

Other courts have consistently agreed, applying *Amara* to strike jury demands in cases asserting ERISA breach of fiduciary duty claims for monetary, make-whole relief under ERISA § 502(a)(2).  *See Divane,* 2018 WL 1942649, at *2–3 & n.1 ("[T]he relief plaintiffs seek in this

---

[3] As the Supreme Court explained in *Amara*, the fact that the defendant is a fiduciary, rather than a non-fiduciary, "makes a critical difference" in determining whether monetary relief is an equitable remedy. 563 U.S. at 442.  Accordingly, the *Amara* Court's determination that monetary relief against a fiduciary is inherently equitable in nature is consistent with the Supreme Court's determinations in other cases, including *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002) and *Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plans*, 577 U.S. 136 (2016), that certain monetary remedies were not equitable in cases involving non-fiduciary defendants. *See, e.g., Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*, 2013 WL 6189802, at *11 (D. Vt. Nov. 27, 2013) (explaining, in striking jury demand for fiduciary breach claims, that "[t]his case is distinguishable from *Great-West* . . . [where] there was not breach of fiduciary duty claim."). Indeed, in both *Knudson* and *Montanile,* the consequence of the Court's determination that the plaintiffs' claims sought legal relief was that plaintiffs could not pursue those claims under ERISA—thus underscoring the basic principle that the only relief authorized under ERISA is equitable in nature. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 220–21 (2002) (affirming dismissal of claim under ERISA "[b]ecause petitioners are seeking legal relief . . . § 502(a)(3) does not authorize this action"); *Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Ben. Plans*, 136 S.Ct. 651, 665 (2016) (same).

[ERISA] § 502(a)(2) suit is equitable, and they are not entitled to a jury trial."); *Perez v. Silva*, 185 F. Supp. 3d 698, 703–04 (D. Md. 2016) ("[T]he Supreme Court acknowledged in *Amara* that courts of equity possessed the power to provide relief in the form of monetary compensation." (quotations omitted)); *In re 2014 Radioshack ERISA Litig.*, 165 F. Supp. 3d 492, 506 (N.D. Tex. 2016) ("[T]here is no right to jury trial under ERISA."); *Carver v. Bank of N.Y. Mellon*, 2017 WL 1208598, *11 (S.D.N.Y. Mar. 31, 2017) ("[C]ourts have held that no jury trial right exists under ERISA because claims under ERISA are equitable in nature." (quotations omitted)); *Bauer-Ramazani*, 2013 WL 6189802, at *11–12 (granting motion to strike plaintiffs' jury demand because suit under Section 502(a) of ERISA is equitable in nature); *Solis v. Tomco Autor Prods., Inc.*, 2012 WL 12920838, *2–3 (C.D. Cal. July 10, 2012) (same); *see also Wardle v. Cent. States, Se. & Sw. Areas Pension Fund*, 627 F.2d 820, 829–30 (7th Cir. 1980) (holding that there is no right to a jury trial in actions brought under Section 502 of ERISA), *abrogated in part on other grounds by Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989); *Smith v. State Farm Grp. Long Term Disability Plan for U.S. Emps.*, 2013 WL 4538516, at *2 (N.D. Ill. Aug. 27, 2013) (granting motion to strike plaintiff's jury demand for ERISA claim because the suit was equitable in nature); *Coburn v. Cont'l Cas. Co.*, 306 F.Supp.2d 815, 817–18 (N.D. Ind. 2003) (plaintiff bringing ERISA claim was not entitled to jury trial).

There is, moreover, an additional reason for classifying claims for fiduciary breach under § 502(a)(2) as inherently equitable in nature: "Any recovery under § 502(a)(2) for breach of fiduciary duty must go to the plan as a whole rather than to individual beneficiaries." *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997); *see Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 150 (1985) (stating same principle). As one district court explained, such a recovery for the benefit of the plan as a whole "is a paradigmatic application of the equitable

7

remedies of restitution and accounting." *Spano*, 2007 WL 1149192, at *7; *see also Silva*, 185 F.

Supp. 3d at 704 ("Characterizing the proposed remedy here as a surcharge (rather than as

damages) makes particular sense given that the Secretary seeks no compensation for himself, . . .

[and] Defendants will be required to restore all losses to the Plans and thereafter distribute all

Plan assets to the participants and beneficiaries.").

**III.     THE *WILLIAMS V. CENTERRA GRP., LLC* COURT RECENTLY STRUCK A JURY DEMAND IN A PARALLEL CASE BROUGHT BY THE SAME PLAINTIFFS FIRM ASSERTING THE SAME CLAIMS AGAINST AHIC AND ITS PLAN SPONSOR CLIENT.**

Furthermore, earlier this month, a district court considering a complaint asserting nearly

identical claims to the ones here (brought by the same plaintiffs' firm)[4] granted the defendants'

motion to strike the plaintiffs' jury demand for the same reasons advanced herein:

> Given the equitable nature of the relief Plaintiffs seek and the weight of authority consistently striking jury demands in cases like this one, the court grants Defendants' Motion.

*Williams v. Centerra Grp., LLC*, 2022 WL 88586, at *6 (D.S.C. Jan. 7, 2022).  The *Williams*

Court correctly held that a jury trial was inappropriate because the plaintiffs' lawsuit was

equitable, both in the nature of the claims and in the remedy sought.  *Id.* at *3–4.

First, as is the case here, the *Williams* plaintiffs brought claims against AHIC and the

Plan Sponsor (in that case Centerra Group, LLC) for alleged breaches of fiduciary duties under

ERISA arising out of alleged improper investment decisions.  As the *Williams* Court recognized,

"claims arising under ERISA are equitable in nature, and thus, there is no right to a jury trial on

the claims."  *Id.* at *2.  The *Williams* Court correctly noted in its ruling that "the overwhelming

---

[4] *Compare* Compl., ECF No. 1, Am. Compl, ECF No. 170, *with Williams v. Centerra Grp., LLC*, Compl., ECF No. 1, 1:20-cv-04220 (D.S.C. Dec. 4, 2020).

weight of authority" supports striking a jury demand identical to the one posed by the plaintiffs here. *Id*.

Second, the *Williams* plaintiffs included an almost identical, virtually verbatim, request for relief to the one in the Complaint (ECF No. 1) and the Amended Complaint in this case and the *Williams* Court correctly concluded that the plaintiffs sought exclusively equitable relief. *Id.* at *6. In particular, the *Williams* Court held that plaintiffs' request for an injunction under § 502(a)(2) and for a surcharge under § 502(a)(3) was "plainly equitable" relief because "the vast majority of district courts addressing whether relief sought against a fiduciary under § [502](a)(2) or (a)(3) is equitable or legal in nature have ruled that the relief is equitable, thus precluding a Seventh Amendment right to a jury trial." *Id.* at *2 (citing *Tracey v. Mass. Inst. of Tech.*, 395 F. Supp. 3d 150, 151 (D. Mass. 2019); *Ramos v. Banner Health*, 2019 WL 1558069, at *4 (D. Colo. Apr. 10, 2019); *Spano*, 2007 WL 1149192, at *8 (collecting cases)). Likewise, the *Williams* Court correctly held that the plaintiffs' request for monetary relief under § 502(a)(2) and § 409 was also equitable in nature because it was brought against Plan fiduciaries: "Because the monetary remedy plaintiffs seek here—recovery of losses to the plan caused by the defendants' breach of duty—is analogous to a claim against a trustee for breach of duty, the court finds that it is equitable in nature." *Williams*, 2022 WL 88586, at *4. The same is true here.

Thus, the overwhelming precedent in the Seventh Circuit and other circuits nationwide (including the recently decided *Williams* case) establishes that each of plaintiffs' claims are triable only to the Court and not to a jury. *See, e.g., McCutchan v. Coriant Operations, Inc.*, 2021 WL 83734, at *5 (N.D. Ill. Jan. 11, 2021) (striking demand for jury in ERISA § 502(a)(2) case); *Divane,* 2018 WL 1942649, at *2 (same); *Bell*, 2016 WL 4088737, at *2 (same); *George,*

9

2008 WL 780629, at *6 (same); *Abbott*, 2007 WL 2316481, at *3 (same).  There is no reason to treat plaintiffs' ERISA claims here any differently and accordingly, plaintiffs' demand for a jury trial on each of their claims must be stricken.

## CONCLUSION

For the reasons set forth above, defendants' motion to strike plaintiffs' demand for a trial by jury on each of their claims should be granted in its entirety.


Dated:  March 1, 2022

Respectfully Submitted,

/s/ Brian Boyle
O'MELVENY & MYERS LLP
Brian D. Boyle
Shannon M. Barrett
1625 Eye Street, N.W.
Washington, DC 20006-4001
Telephone:  (202) 383–5300
bboyle@omm.com
sbarrett@omm.com

Stuart M. Sarnoff (*pro hac vice*)
William Pollak (*pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 326–2000
ssarnoff@omm.com
wpollak@omm.com

John R. Landis
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Tel:  (312) 832–4539

*Attorneys for Aon Hewitt Investment Consulting Inc. (N/K/A Aon Investments USA, Inc.)*

Christopher Boran
Matthew A. Russell
Samuel D. Block

10

MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Drive
Chicago, IL 60606
Telephone: 312.324.1000
christopher.boran@morganlewis.com
matthew.russell@morganlewis.com
samuel.block@morganlewis.com

Jeremy P. Blumenfeld
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
jeremy.blumenfeld@morganlewis.com

*Attorneys for Defendants Astellas US LLC,*
*its Board of Directors, and the Astellas*
*Retirement Plan Administrative Committee*

11

## CERTIFICATE OF SERVICE

I, Brian Boyle, hereby certify that on March 1, 2022, I electronically filed the foregoing *Memorandum of Law in Support of Defendants' Motion to Strike Plaintiffs' Demand for Jury Trial* using the CM/ECF system, which will send notification of such filing to all registered participants.

/s/ Brian D. Boyle
Brian D. Boyle

*Attorney for Aon Hewitt Investment Consulting Inc. (N/K/A Aon Investments USA, Inc.)*

12