IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WACHALA, et al., *Plaintiffs*, v. ASTELLAS US LLC, et al., *Defendants*. | Case No. 1:20-cv-03882 Hon. Martha M. Pacold CLASS ACTION |

**ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CASE CONTRIBUTION AWARDS FOR CLASS REPRESENTATIVES**

Upon consideration of the Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards for Class Representatives ("Motion") (Dkt. 232), the Court hereby **GRANTS** the Motion and adjudges as follows:

Under Federal Rules of Civil Procedure 23(h) and 54(d)(2), Plaintiffs seek this Court's approval for an attorneys' fee award of $3,166,666 (one-third of the monetary recovery) and a cost award of $525,586.08 to Class Counsel, Schlichter Bogard LLP, as well as case contribution awards of $20,000 to each of the Class Representatives. The Motion is **GRANTED**.

**FINDINGS AND CONCLUSIONS**

Under the "common fund" doctrine, class counsel is entitled to a reasonable fee drawn from the commonly held fund created by a settlement for the benefit of the class. *See, e.g., Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). Additionally, the United States Court of Appeals for the Seventh Circuit has found that attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. *See Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994).

1

In determining whether to grant a requested fee in a class action settlement, the Seventh Circuit Court of Appeals requires an analysis of whether the requested fee is within the range of fees that would have been agreed to at the outset of the litigation in an arms-length negotiation given the risk of nonpayment and the normal rate of compensation in the market at the time. *See In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

In a common fund class action settlement, the Seventh Circuit Court of Appeals uses a percentage of the relief obtained rather than a lodestar or other basis. *See Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *see also Florin*, 34 F.3d at 566. "A one-third fee [percentage] is consistent with the market rate in settlements concerning this particularly complex area of law." *Spano,* 2016 U.S. Dist. LEXIS 161078, at *7 (quoting *Abbott*, 2015 U.S. Dist. LEXIS 93206, at *7); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 U.S. Dist. LEXIS 12037, at *10 (S.D. Ill. Jan 31, 2014); *Will,* 2010 U.S. Dist. LEXIS 123349, at *9 (finding that in ERISA 401(k) fee litigation, "a one-third fee is consistent with the market rate"). In this case, the requested percentage of the Settlement Fund is comparable to attorneys' fee awards in similar cases and is less than one-third of Class Counsel's lodestar rate. Class Counsel's fee request is appropriate

given the extraordinary risk Class Counsel accepted in agreeing to represent the Class; the fact that Class Counsel brought this kind of case when no one else had; Class Counsel's demonstrated willingness to devote tremendous resources for many years to the case; the substantial monetary recovery; and the additional value of the future relief included in this Settlement to Plan participants. In addition, the Independent Fiduciary has independently assessed the reasonableness of the requested fee, expenses and contribution awards. Dkt. 237-1. After a detailed analysis, the Independent Fiduciary concluded that the requested fee, reimbursement of expenses, and award of case contribution awards is reasonable. Also, after a robust notice program to Settlement class members, no objections to any portion of the Settlement or the Motion have been lodged.

In determining fees in a common fund class action settlement, the use of a lodestar cross-check is not necessarily required, nor is it necessarily the appropriate benchmark. *See In re Synthroid Marketing Litig.*, 325 F.3d 974, 979–80 (7th Cir. 2003) ("The client cares about the outcome alone," and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *Beesley*, 2014 U.S. Dist. LEXIS 12037, at *10 ("The use of a lodestar cross-check has fallen into disfavor."); *Will*, 2010 U.S. Dist. LEXIS 123349, at *10 ("The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive."). Nevertheless, applying a lodestar cross-check analysis confirms the reasonableness of the award to Class Counsel. Indeed, based on the submitted lodestar analysis, the award of fees to Class Counsel as requested is less than one-third of Class Counsel's lodestar rate. Dkt. 233.

This Court further finds that the $525,586.08 in expenses for which Class Counsel seeks reimbursement is warranted. "It is well established that counsel who create a common fund like

3

this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reporters; travel expense; copy, phone and facsimile expenses and mediation." *Abbott*, 2015 U.S. Dist. LEXIS 93206, at *13 (citing Fed. R. Civ. P. 23); *Boeing v. Van Gemert*, 444 U.S. at 478). Given the high-stakes nature of this case, the Court finds that Class Counsel's incurred expenses are reasonable and should be reimbursed from the common fund. This final expense item is significantly below the anticipated submitted expense of $650,000. Dkt. 233.

"Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23. Without their commitment to pursuing these claims, the successful recovery for the Class would not have been possible. Given the length of this case, an award of $20,000 for each Class Representative is well within the range of other awards. See, e.g., *Cook*, 142 F.3d at 1016 (upholding award of $25,000); *Beesley*, 2014 U.S. Dist. LEXIS 12037, *8 (awarding $25,000 to each of the named plaintiffs); *Nolte*, 2013 U.S. Dist. LEXIS 184622, *14–15 (same); *Spano*, 2016 U.S. Dist. LEXIS 161078, *11 (same). For these reasons, the contribution awards to the Class Representatives are appropriate and reasonable.

## CONCLUSION

After consideration of Class Counsel's Motion, consistent with the findings of the Independent Fiduciary, and with no objection lodged by any class member, the Court concludes that the requested attorneys' fees and expense reimbursements are fair and reasonable. Accordingly, it is **ORDERED** that the requested attorneys' fees of $3,166,666 is **APPROVED**. It is **FURTHER ORDERED** that the requested reimbursement of expenses in the amount of $525,586.08 is **APPROVED**. Finally, the contribution awards of $20,000 to each of the Class

Representatives is **APPROVED**.

**IT IS SO ORDERED.**

DATED: November 2, 2023

                                            /s/ Martha M. Pacold
                                            HON. MARTHA M. PACOLD
                                            UNITED STATES DISTRICT JUDGE